IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| BARBARA O'NEAL HERBIG, | * |
| Plaintiff, | * |
| v. | * Case No.: PWG-12-3398 |
| LOCKHEED MARTIN, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This Memorandum Opinion addresses Defendant Lockheed Martin's Motion to Dismiss, ECF No. 4, and accompanying Memorandum in Support, ECF No. 4-1; and Plaintiff's Opposition, ECF No. 8. Defendant has not filed a Reply, and the time for doing so has passed. *See* Loc. R. 105.2.a. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated herein, Defendant's Motion to Dismiss is DENIED.

### I. BACKGROUND

Plaintiff is a resident of Maryland and was employed by Defendant as a project engineer beginning in November 2005. Compl. ¶ 7, ECF No. 1; *see* Pl.'s Opp'n 2. Plaintiff worked for Defendant until her employment was terminated in May 2012. Compl. ¶ 14. In her Complaint, Plaintiff alleges that she was "diagnosed with [a]nxiety, [d]epression, and [e]xtreme [s]tress on or about February 2012." *Id.* ¶ 8. Plaintiff states that a medical provider diagnosed her disability as having a duration of twelve months and that during this period of disability, she "was ordered

by her treating physician to work only [a] six (6) hour schedule and later updated to a [seven] (7) [] hour schedule." *Id.* ¶¶ 9–10. Plaintiff asserts that despite these recommendations from her doctor, "Defendant ordered Plaintiff to resume a full eight hour work schedule and communicated with Plaintiff its intention to terminate Plaintiff if she fail[ed] to work the eight hour schedule." *Id.* ¶ 12. Importantly, Plaintiff alleges that Defendant "failed to make any reasonable accommodation for Plaintiff despite several requests," and ultimately terminated Plaintiff in May 2012. *Id.* ¶¶ 12–14.

Approximately seven months prior to her termination, on October 31, 2011, Plaintiff filed a Charge of Discrimination with the Maryland Commission on Human Relations. *See id.* ¶ 15. On August 21, 2012, Plaintiff received a "Dismissal and Notice of Rights" letter and subsequently filed suit on November 19, 2012, alleging one count of disability discrimination under Title VII and the Americans with Disabilities Act ("ADA"). *Id.* ¶¶ 16–21.

On January 9, 2013, Defendant moved to dismiss Plaintiff's Complaint, arguing first, that Plaintiff failed to exhaust her administrative remedies "by filing a charge of discrimination within 300 days of the alleged discriminatory action," as required, and second, that she failed to "set out a *prima facie* case of disability discrimination." Def.'s Mem. 3–6. Specifically, with regard to Defendant's first argument, Defendant asserts that Plaintiff is precluded from bringing suit because her charge of discrimination, filed with the EEOC in October 2011, "does not disclose any of the allegations" stated in the Complaint and that the claims stated in Plaintiff's charge are not "reasonably related" to those claims "maintained in [her] subsequent lawsuit." *Id.* at 3–4. With regard to Defendant's second argument, Defendant argues that Plaintiff "fails to establish that she can be considered a qualified person with a disability" and that she "provides

no factual basis that would make Defendant liable for failing to" provide a reasonable accommodation as required by the ADA. *Id.* at 4–6.

In her Opposition, Plaintiff argues that she has exhausted her administrative remedies because the claims stated in the Complaint are "reasonably related" to those stated in her Charge of Discrimination—that is, they share a common "place of work, actor, and type of discrimination" and therefore, "were sufficient to put the employer on notice that it was accused of not providing a reasonable accommodation to a disabled individual." Pl.'s Opp'n 6. Plaintiff also argues that she has indeed pleaded a sufficient claim for relief and offers at least four pages of additional facts not present in her original Complaint to support this assertion.

## II. STANDARD OF REVIEW

Defendant has styled its Motion to Dismiss as one pursuant to Fed. R. Civ. P. 12(b)(6). *See* Def.'s Mot. 1. However, in its Motion, Defendant asserts first that Plaintiff failed to exhaust her administrative remedies prior to bringing suit. Def.'s Mem. 3. This argument raises the issue of subject matter jurisdiction. *See, e.g.*, *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (stating that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim"); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (citing *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)). Accordingly, Defendant's Motion shall be treated first as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and second, as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Fed. R. Civ. P. 1 (requiring the Court to construe the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Snead v. Bd. of Ed. of Prince George's Cnty.*, 815 F. Supp. 2d 889, 894 (D. Md. 2011) (stating that "questions of subject matter jurisdiction must be

decided first, because they concern the court's very power to hear the case") (internal quotation marks omitted).

### A. Motion to dismiss for lack of subject matter jurisdiction.

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert a lack of subject matter jurisdiction, by motion, as a defense to a claim for relief. A defendant may move to dismiss a complaint based on lack of subject matter jurisdiction based on two theories. *See, e.g.*, *Fontell v. MCGEO UFCW Local 1994*, Civil No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6, 2010); *Walker v. United States Dep't of the Army*, 60 F. Supp. 2d 553, 555 (E.D. Va. 1999). First, a defendant may assert that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In this instance, "the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a 12(b)(6) consideration." *Id.* Second, a defendant may allege that the "the jurisdictional allegations in the complaint are not true." *Fontell*, 2010 WL 3086498, at *3. When this occurs, "the Court may . . . consider matters beyond the allegations in the complaint." *Id.* The Court "regard[s] the pleadings' allegations as mere evidence on the issue," and its consideration of additional evidence does not "convert[] the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see Adams*, 697 F.2d at 1219 ("A trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment."). Here, Defendant asserts that despite Plaintiff's statement to the contrary, she has failed to exhaust her administrative remedies as required. Def.'s Mem. 3–4. Thus, Defendant's motion to dismiss follows the second theory and challenges the truthfulness of the jurisdictional allegations in the

Complaint. *See id.* As such, the Court may "consider matters beyond the allegations in the complaint" in ruling on Defendant's Motion. *See Fontell*, 2010 WL 3086498, at *3.

Notably, when a defendant challenges subject matter jurisdiction, the burden is on the plaintiff to prove that subject matter jurisdiction exists. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, Civil No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin*, 2011 WL 2580630, at *2 (quoting *Evans*, 166 F.3d at 647).

### B. Motion to dismiss for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79; *see Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## III. DISCUSSION

The Court construes Plaintiff's Complaint as stating a single claim for failure to provide reasonable accommodations. *See* Compl. ¶¶ 18–21.

### A. Failure to exhaust administrative remedies.

In the Fourth Circuit, it is well-established that in order to bring an ADA discrimination claim in federal court, a plaintiff must first exhaust her administrative remedies. *See* 42 U.S.C. § 12117(a); *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639–40 (D. Md. 2002); *see also Ansley v. Varsity Transit, Inc.*, No. 98CIV1916DABJCF, 1999 WL 672526, at *3 (S.D.N.Y. 1999) (stating that the "ADA incorporates by reference the procedures applicable to actions under Title VII," including administrative exhaustion of remedies). This is so because a Plaintiff's failure to exhaust her administrative remedies deprives a "federal court of subject matter jurisdiction." *Snead*, 815 F. Supp. 2d at 894 (citing *Jones*, 551 F.3d at 300). Pursuant to 42 U.S.C. § 2000e-5(e)(1), "such a charge [must] be filed within 180 days of the alleged discriminatory act, unless the state in which the alleged act occurred is a 'deferral state,' or a state with its own law prohibiting discrimination and an agency enforcing the law." *Kline v. Home Depot, Inc.*, Civil No. RDB-08-990, 2009 WL 2246656, at *4 (D. Md. 2009). Maryland is a deferral state and thus, Plaintiff had 300 days from the date of Defendant's alleged unlawful employment practice during which to file her charge with the EEOC. *See id.*

The underlying purpose of this exhaustion requirement is to put the defendant on notice, *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005), such that the employer may "address the alleged discrimination prior to litigation," *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th

Cir. 2012). To achieve this underlying purpose, and to prevent a plaintiff from "rais[ing] claims in litigation that did not appear in [the] EEOC charge," the contents of the EEOC charge determine the "'scope of the plaintiff's right to file a federal lawsuit.'" *Id.* (quoting *Jones*, 551 F.3d at 300). Thus, when a plaintiff's EEOC charge references "'different time frames, actors, and discriminatory conduct than the central factual allegations in h[er] formal suit,'" the plaintiff has failed to exhaust her administrative remedies. *Id.* (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005)). However, while "[c]ivil suits may not present entirely new factual bases or entirely new theories of liability not found in the initial EEOC complaint," *Thorn v. Sebelius*, 766 F. Supp. 2d 585, 596–97 (D. Md. 2011), a plaintiff does not need to "provide a detailed essay to the EEOC in order to exhaust [her] administrative remedies." *Sydnor*, 681 F.3d at 594. To that end, the Fourth Circuit has endeavored to "strike a balance between providing notice to employers and the EEOC on one hand and ensuring plaintiffs are not tripped up over technicalities on the other." *Id.* Indeed, "so long as 'a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation,' she 'may advance such claims in her subsequent civil suit.'" *Id.* (quoting Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000)).

Here, Defendant argues that Plaintiff's claims in her EEOC charge and subsequent Complaint are not reasonably related because the Complaint "does not disclose any of the allegations furthered through" her EEOC charge. Def.'s Mem. 3. Specifically, Defendants argue that the Complaint states that Plaintiff was not diagnosed with a disability until February 2012, more than "three months after she filed her charge, without specifying whether she made Defendant or the Commission aware of this diagnosis, or more importantly, the implications of it that would allegedly qualify her as a person with a disability," entitled to reasonable

7

accommodations. *Id.* Defendant contends that Plaintiff's Complaint cannot be reasonably related to her EEOC charge because at the time she filed it, she had not yet been diagnosed with a disability.[1] *See id.* at 4. In her Opposition, Plaintiff argues that her EEOC charge laid out three specific complaints that are reasonably related to the allegations of disability discrimination articulated in her subsequent Complaint. Pl.'s Opp'n 7.

Though far from a model pleading, the allegations raised in Plaintiff's Complaint are reasonably related to or grow from the allegations raised in her administrative charge and "can be expected to follow from a reasonable investigation" such that Defendant would have been on notice of the alleged violations. *See Sydnor*, 681 F.3d at 593–94. Plaintiff's Complaint states that she was diagnosed with anxiety, depression and extreme stress, was ordered by her doctor to work six and seven hour days, as opposed to the full eight, was ordered to resume "a full eight hour work schedule" by Defendant and, ultimately, was terminated for her failure to do so. Compl. ¶¶ 9–14. In light of these facts, Plaintiff alleges that Defendant "discriminated against Plaintiff because she is disabled" and "failed to make reasonable accommodations" for her disability. *Id.* ¶¶ 20–21. Plaintiff's charge of discrimination indicates that around February 18, 2011, she reported a coworker's inappropriate and harassing behavior to a supervisor. EEOC Charge of Discrimination, Pl.'s Opp'n, ECF No. 8-5. Plaintiff's charge also indicates that this coworker "was the second person hired to assist with [her] workload and . . . became resentful."

---

[1] Plaintiff filed her charge of discrimination in October 2011; her Complaint states that she was diagnosed with anxiety, depression and extreme stress in February 2012. However, Plaintiff has attached to her Opposition a number of documents which establish that Plaintiff notified Defendant that she was under the care of a doctor for depression and stress and was seeing a counselor to deal with her condition at the time she was hired and several times thereafter. *See* Charge of Discrimination, Pl.'s Opp'n; Preplacement Health History Questionnaire, Pl.'s Opp'n, ECF No. 8-2; *see also* Pl.'s Opp'n 2–4. As previously stated, the Court may consider this extrinsic evidence to determine whether subject matter jurisdiction exists. *See Fontell*, 2010 WL 3086498, at *3.

*Id.* Plaintiff goes on to explain that she requested to move offices and was interviewed by an internal "Ethics Officer" as a result of an ethics complaint filed against her. *Id.* Further, the charge states that Plaintiff "was told that [she] needed to file paperwork for accommodations with [her] employer about [her] disability" and that her disability made it difficult for her to "be present during the hours of 9–4." *Id.* Plaintiff's last sentence concludes she believes she has "been discriminated against because of [her] disability in violation of Title I of the Americans with Disabilities Act and Amendments Act of 2008, with respect to harassment and discipline." *Id.*

While Plaintiff's charge states that she believes she has been discriminated against on the bases of harassment and discipline, administrative charges "must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Scannell v. Bel Air Police Dep't*, 968 F. Supp. 1059, 1066 (D. Md. 1997) (internal quotation marks omitted). Keeping this in mind, Plaintiff's charge states that two employees had been hired to assist with Plaintiff's workload, references a need to file paperwork for reasonable accommodations with her employer "about [her] disability," notes a concern that her disability prevents her from being present during regular business hours, and states that Plaintiff believes that she was being denied advancement opportunities and information about critical meetings. Charge of Discrimination, Pl.'s Opp'n. Thus, Plaintiff's subsequent claims that Defendant failed to provide her with reasonable accommodations are reasonably related to, or grow from the allegations in her charge, and likely could have been uncovered from a reasonable administrative investigation. Plaintiff's charge and subsequently filed Complaint both reference the same place of work and the same type of discrimination—that is, discrimination based on her disability. *See Sydnor*, 681 F.3d at 595. Importantly, these documents reference the same type of

accommodation that Plaintiff requested. Plaintiff's charge states that she finds it "difficult to be present during the hours of 9–4" and her Complaint states that she was instructed by her doctor to work reduced hours each day and that Defendant "ordered [her] to resume a full eight hour work schedule." Charge of Discrimination, Pl.'s Opp'n; Compl. ¶¶ 10, 12. Moreover, Plaintiff's charge states that two people were "hired to assist with my workload," thereby suggesting that Defendant was already engaged in an ongoing process to provide accommodations to Plaintiff as a result of her disability. Charge of Discrimination, Pl.'s Opp'n.

This is not a situation where Plaintiff's charge of discrimination and subsequent Complaint raise entirely different bases for relief. *See, e.g.*, *Sloop v. Mem'l Misson Hosp., Inc.*, 198 F.3d 147, 149 (4th Cir. 1999) (holding Title VII retaliation claim barred when administrative charge alleged age discrimination); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954. 963–63 (4th Cir. 1996) (barring suit where administrative charge alleges discriminatory failure to promote and complaint alleges discrimination in pay and benefits). Nor is it a situation where Plaintiff's Complaint introduces "different time frames, actors, and conduct" than alleged in the administrative charge. *See Chacko*, 429 F.3d at 511 (finding a failure to exhaust administrative remedies despite the fact that both the charge and complaint contained claims for discrimination and hostile work environment, where the factual allegations dealt with entirely different time frames, actors, and conduct). Here, the "'similarities between [Plaintiff's] administrative and judicial narratives make clear that [Defendant] was afforded ample notice of the allegations against it.'" *See Coles v. Carilion Clinic*, 894 F. Supp. 2d 783, 792 (W.D. Va. 2012) (quoting *Sydnor*, 681 F.3d at 595). Accordingly, Plaintiff has exhausted her administrative remedies with respect to her claim for Defendant's alleged failure to provide reasonable accommodations and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is DENIED.

### B. Failure to state a claim upon which relief can be granted.

Defendant also argues that Plaintiff has failed to state a plausible claim for relief because "the allegations in the Complaint do not create a cause of action for failure to accommodate a qualified disability under the ADA." Def.'s Mem. 4. To establish a *prima facie* case of failure to accommodate, Plaintiff must demonstrate the following: "(1) that [she] was an individual who had a disability within the meaning of the statute; (2) that [Defendant] had notice of h[er] disability; (3) that with reasonable accommodation [she] could perform the essential functions of the position; and (4) that [Defendant] refused to make such accommodations." *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001), *cert denied*, 535 U.S. 933 (2002) (internal quotation marks omitted).

With regard to the first element, Defendant asserts that Plaintiff has failed "to establish that she can be considered a qualified person with a disability" under the ADA. Def.'s Mem. 5. As to the remaining elements, Defendant asserts that "even if [Plaintiff] could be considered a person with a qualified disability, [she] makes no allegation that she provided Defendant with notice of her impairment or attempted to engage in the requisite interactive process." *Id.* Defendant sets the pleading bar too high. The Supreme Court has stated that in "the context of employment discrimination . . . pleadings need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth'" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Ferdinand-Davenport*, 742 F. Supp. 2d at 779–80 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)); s*ee Reed v. Airtran Airways*, 531 F. Supp. 2d 660, 666 (D. Md. 2008) ("The *Twombly* Court made clear that its holding did not contradict the *Swierkiewicz* rule that a complaint in an employment discrimination lawsuit [need]

11

not contain specific facts establishing a prima facie case of discrimination.") (internal quotation marks omitted)).

### a) Qualified disability and substantial limitation

Though lacking severely in factual detail, Plaintiff has pleaded facts sufficient to establish that she suffers from a disability within the meaning of the ADA. *See Iqbal*, 556 U.S. at 663. For purposes of the ADA, a person is disabled when she has (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] . . . regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C). Here, Plaintiff seeks to satisfy the first subsection—that she has a "physical or mental impairment which substantially limits one or more of her major life activities." Pl.'s Opp'n 8. In support, she has alleged that she was diagnosed with depression, anxiety, and extreme stress. Compl. ¶ 8. She later articulates that these limitations "include her extreme inability to maintain concentration and moderate difficulty in maintaining social functions." Pl.'s Opp'n 8. While depression is an impairment recognized by the ADA, *see, e.g.*, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467 n. 3 (4th Cir.1999); *Rohan v. Networks Presentations LLC*, 175 F. Supp. 2d 806, 812 (D. Md. 2001); *Dean v. Westchester Co. P.R.C.*, 309 F. Supp. 2d 587, 593 (S.D.N.Y. 2004), "a medical diagnosis of depression is not the 'sin[e] qua non' of having an ADA disability," *Dean*, 309 F. Supp. 2d at 593, and alleging merely the existence of an impairment "without showing of substantial limitation to major life activities would not qualify Plaintiff as disabled." *Lipscomb v. Techs., Servs. & Info., Inc.*, Civil No. DKC 09-3344, 2011 WL 691605, at *12 (D. Md. Feb. 18, 2011). The Fourth Circuit interprets "major life activities" to include "'activities that are of central importance to daily life' and 'that the average person in the general population can perform with little or no difficulty.'" *Id.* (citing *Rohan*, 375 F.3d at

274). To guide courts in this inquiry, the "EEOC provides a non-exhaustive list of major life activities, including 'functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Id.* (quoting 29 C.F.R. § 1630.2(i)). Here, Plaintiff has made no reference to any life activity other than working and thus, the Court will consider only whether Plaintiff has made a showing of substantial limitation in her ability to work.

A person is "considered to be substantially limit[ed] in a major life activity if she either cannot perform a major life activity that an average person can perform or if her ability to perform the activity is significantly restricted in condition, manner, or duration compared to the average person." *Rohan*, 175 F. Supp. 2d at 813 (citing 29 C.F.R. § 1630.2(j)(1)). In her Complaint, Plaintiff alleged that a doctor ordered her to work less than a full eight hour work day in order to accommodate her medically diagnosed of depression and anxiety. Compl. ¶¶ 8–10. Viewing the evidence in a light most favorable to Plaintiff, it plausible that Plaintiff's depression and anxiety substantially limited her ability to work—Plaintiff has alleged that a doctor ordered her to work two hours less than what an average person would be able to work on a daily basis. *Compare Rohan*, 175 F. Supp. 2d at 813 (holding Plaintiff pleaded facts sufficient to show disability where she alleged her depression caused substantial disruption in her ability to sleep), *with Lipscomb*, 2011 WL 691605, at *12 (finding plaintiff failed to demonstrate he is disabled where he "merely states that he has ADD, dyslexia, and learning disabilities, but alleges no facts showing how any of these conditions substantially restricts any major life activities such as learning or working"). Defendant's assertion that Plaintiff has not demonstrated that she has a qualified disability under the ADA is without merit.

*b) Notice of impairment*

Defendant asserts next that "even if [Plaintiff] could be considered a person with a qualified disability, [she] makes no allegation that she provided Defendant with notice of her impairment or attempted to engage in the requisite interactive process." Def.'s Mem. 5. Defendant cites three cases in support of this proposition, yet tellingly, all three of the cases proceeded past the motion to dismiss phase of litigation—two were resolved on motions for summary judgment and the third was resolved on a motion for judgment as a matter of law after the plaintiff had presented his case-in-chief at trial. *See Schneider v. Giant of Md., LLC*, 389 Fed. App'x 263 (4th Cir. 2010); *Shiflett v. GE Fanuc Automation Corp.*, 151 F.3d 1030 (4th Cir. 1998); *Huppenbauer v. The May Dep't Stores*, No. 95-1032, 1996 WL 607087 (4th Cir. 1996) (unpublished table opinion).

As stated previously, a plaintiff's complaint alleging employment discrimination need not "contain specific facts establishing a prima facie case of discrimination." *Swierkiewicz*, 534 U.S. at 508. Plaintiff has established that she suffered from a qualifying disability under the ADA, that a doctor ordered her to work a reduced daily schedule in light of her condition, and that Defendant "ordered Plaintiff to resume a full eight hour work schedule and communicated with Plaintiff its intention to terminate [her] if she fails to work the eight hour schedule." Compl. ¶¶ 8–12. Further, Plaintiff states that "Defendant failed to make any reasonable accommodation for Plaintiff despite several requests from." *Id.* ¶ 13. It is not difficult to infer, from the substance and sequence of Plaintiff's factual allegations as they appear in the Complaint, that the reasonable accommodation Plaintiff requested was the reduced hourly work schedule, as ordered by her treating physician. Thus, there simply is no basis for Defendant to assert that "Plaintiff makes no allegation that[,] in response to Defendant's request to resume a full eight hour work

14

schedule[,] Plaintiff informed Defendant of the alleged medical necessity for her to work a reduced schedule." *See* Def.'s Mem. 5–6. Albeit lacking in detail, Plaintiff has pleaded a "short and plain statement of the claim showing that" she is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), and has pleaded just enough factual allegations to allow the Court to "draw the reasonable inference that [Defendant] is liable for the misconduct alleged," *see Iqbal*, 556 U.S. at 663. Accordingly, Plaintiff has stated a plausible claim for relief and Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

## IV. CONCLUSION

Wherefore, for the reasons stated herein, Defendant's Motion to Dismiss is hereby DENIED.

A separate Order shall be issued concurrently with this Memorandum Opinion.


Dated: <u>June 17, 2013</u>                    _____/s/_____
                                               Paul W. Grimm
                                               United States District Judge

mol